UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA L. MOROSO,

        Plaintiff,

v.

Case No. 12-CV-11827
HON. GEORGE CARAM STEEH

WELLS FARGO HOME MORTGAGE,
a division of Wells Fargo Bank, N.A.,
as trustee for unknown securitized trust, and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

        Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (#8)
AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (#13)

On March 23, 2012, plaintiff filed a complaint against defendants in Macomb County Circuit Court challenging her mortgage foreclosure. On April 24, 2012, the case was removed to this court. On May 1, 2012, defendants filed a motion to dismiss. The motion has been fully briefed. Oral argument occurred at a hearing on the motion on July 9, 2012. On July 2, 2012, plaintiff filed a motion seeking leave to amend her complaint. The motion for leave to amend is fully briefed. The court heard some oral argument on the motion for leave to amend on July 9, 2012 and finds that further oral argument is not necessary. See Local Rule 7.1(f). For the reasons that follow, the court GRANTS defendants' motion to dismiss and DENIES plaintiff's motion for leave to amend.

-1-

BACKGROUND

On March 24, 2006, plaintiff received a $244,973 residential mortgage loan from Summit Capital Mortgage, LLC to finance a property located at 20387 Manford Drive, Macomb County, Michigan. As security for repayment of the loan, plaintiff executed a mortgage encumbering the property. On March 29, 2006, the mortgage was recorded with the Macomb County Register of Deeds. The mortgage named MERS as a mortgagee, solely as nominee to Summit.

On July 26, 2010, MERS assigned the mortgage to Wells Fargo Bank, N.A. On August 4, 2010, the mortgage assignment was recorded with the Macomb County Register of Deeds.

After default by plaintiff, Wells Fargo initiated foreclosure by advertisement. On September 29, 2011, the property was sold at a Sheriff's Sale. The redemption period expired on March 29, 2012. On March 23, 2012, plaintiff filed this action asserting a quiet title claim.

On May 1, 2012, defendants filed a motion to dismiss. Defendants argue plaintiff lacks standing to bring any claim concerning the property, and thus the case should be dismissed. Defendants also argue that even if plaintiff has standing, she fails to state a claim upon which relief can be granted because she has not pled fraud or irregularity in the foreclosure process sufficient under Michigan law to disturb the completed foreclosure of her mortgage.

On July 2, 2012, plaintiff filed a motion seeking leave to amend her complaint. Plaintiff argues a trust owns the indebtedness and that Wells Fargo therefore did not have the authority to foreclose.

STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009). The well-pleaded facts must permit an inference of more than a mere possibility of misconduct. Id. at 1950.

Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." However, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." Commercial Money Center, Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335-36 (6th Cir. 2007). In addition, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." Id. at 336. If the

motion is treated as one for summary judgment, all parties must be given a reasonable opportunity to present all the material that is relevant to the motion.

ANALYSIS

In their motion, defendants argue plaintiff lacks standing to assert an interest in the property. In Michigan, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942). The former owner therefore lacks the right to assert claims with respect to the property. Overton v. Mortgage Electronic Registration Systems, No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009).

In Overton, the Michigan Court of Appeals affirmed a grant of summary disposition in favor of a party who purchased a foreclosed parcel of property at a Sheriff's Sale. 2009 WL 1507342, at *1. In that case, the defendants argued that the plaintiff lacked standing to assert that defendants committed fraud in connection with the foreclosure because the plaintiff no longer had any interest in the property once the redemption period expired. The Court of Appeals found:

> [P]laintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Schulthies v. Barron, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969). Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187; 4 NW2d 514 (1942); MCL 600.3236.

Id.; see also Mission of Love v. Evangelist Hutchinson Ministries, Docket No. 266219, 2007 WL 1094424, at *6 (Mich. App. April 12, 2007) (finding "after the redemption period expired, plaintiff lacked standing to assert a claim to the property").

Michigan law grants a mortgagor of residential property a statutory redemption period of six months. M.C.L. § 600.3240(8). When the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. M.C.L. § 600.3236. In this case, the Sheriff's Sale occurred on September 29, 2011 and the redemption period expired on March 29, 2012. At that time, plaintiff's rights in the property were extinguished. In order to avoid dismissal, plaintiff must come within the "clear showing of fraud, or irregularity" exception noted in Overton. Because plaintiff has not alleged any material fraud or irregularity in the Sheriff's Sale procedure, her claim fails.

In response to the motion to dismiss, and in a separate motion for leave to amend, plaintiff requests leave to amend her complaint. She claims the assignment of the mortgage is invalid because her loan was transferred to a trust, the trust closed on June 30, 2006, and MERS assigned the loan to Wells Fargo in July 2010. Plaintiff argues Wells Fargo lacked authority to foreclose because her mortgage was assigned after the trust closing date in violation of the pooling and servicing agreement of the trust. Plaintiff also argues the MERS representative's signature on the assignment may be false. Plaintiff seeks leave to amend her complaint to allege that the representative's signature "has many variations, leading to the suspicion of 'robo-signing'." However, plaintiff is unwilling to directly allege fraud and the proposed amendment alleges "robo-signing" at a level one step removed from the foreclosure process. Plaintiff has not alleged fraud within the foreclosure process itself.

In reply, defendants argue plaintiff's proposed amendment would be futile. First, defendants argue plaintiff has not shown that her mortgage was even transferred to a trust. The exhibit attached to plaintiff's brief is signed by an individual named Arthur Bernardo and asserts that plaintiff's loan was sold, transferred, and securitized into a Fannie Mae trust. The report references the fact that Wells Fargo services a portion of the trust, which plaintiff seems to believe supports her argument that her loan was part of the trust. The report also discloses that a search reveals that Fannie Mae owns the loan. The report does not otherwise explain the assertion that plaintiff's loan was part of the trust. Moreover, as noted by defendants, nothing in the report offers any basis to set aside the completed foreclosure. To set aside the foreclosure sale at this point, plaintiff must make a clear showing of fraud or irregularity in the foreclosure procedure.

Second, defendants argue that even if plaintiff's loan was transferred to the trust after the closing date she lacks standing to challenge any alleged non-compliance with the terms of the trust. A borrower lacks standing to challenge a securitized trust's authority to enforce a loan note and mortgage based on purported violations of the underlying pooling and servicing agreement. See Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC, 399 Fed. Appx. 97, 102-03 (6th Cir. 2010). In this case, plaintiff lacks standing because plaintiff is not a party to, or a third-party beneficiary of, the trust. Plaintiff cannot identify any harm because of any alleged failure to comply with the terms of the trust. As defendants complied with the foreclosure statute, the terms of any securitized trust are irrelevant.

Plaintiff attempts to collaterally attack the foreclosure by arguing the transfer of the assigned note was not legitimate. However, the assignment of mortgage is attached to

-6-

defendants' motion and was recorded before the Sheriff's Sale. Plaintiff fails to identify any way in which defendants did not comply with the foreclosure statute. As the redemption period has expired, and even the proposed new allegations do not place this case within the "clear showing of fraud, or irregularity" exception, plaintiff has failed to make the necessary showing to set aside the foreclosure sale. For these reasons, defendants' motion to dismiss is granted. Because the proposed amendment would be futile, plaintiff's motion for leave to amend the complaint is denied.

CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is GRANTED, plaintiff's motion for leave to amend is DENIED, and plaintiff's complaint is DISMISSED.

Dated: September 5, 2012

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 5, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk